IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MELVIN DINKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:22-CV-73-CCE |
| | ) | |
| NORMAN K. MOON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND SHOW CAUSE ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on motion of the plaintiff, Melvin Dinkins, to proceed *in forma pauperis*, which, if granted, would authorize him to file a complaint without payment of the filing fee. Because his complaint is frivolous and malicious, fails to state a claim on which relief may be granted, and, as to three of the defendants, is against defendants who are immune from suit, the complaint will be dismissed under the screening provisions of 28 U.S.C. § 1915(e)(2). Because Mr. Dinkins continues to file what is essentially the same frivolous lawsuit over and over and is abusing the legal system, the Court will require him to show cause why a pre-filing injunction is not appropriate.

1. **Overview**

In the operative complaint, Doc. 2, Mr. Dinkins has named as defendants a United States Senior District Judge and a Chief District Judge, *id.* at ¶¶ 3, 6–8, the United States Department of Justice, *id.* at ¶¶ 4–5, and an entity he calls "Region Ten CSB." *Id.* at ¶ 9.

The Court construes the complaint to assert a claim of racketeering under the Federal Tort Claims Act, *id.* at ¶ 1, and the civil RICO statute. *See id.* at ¶¶ 1, 46. Mr. Dinkins seeks money damages, *id.* at ¶ 43, and unspecified "equitable relief." *Id.* at ¶ 44.

Mr. Dinkins filed this complaint *in forma pauperis* under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action without initially paying the filing fee. *See* Docs. 1–2; *Fiorani v. CapitalOne Fin. Corp.*, No. 19-CV-2456, 2019 WL 13248633, at *1 (D. Md. Sept. 11, 2019). To guard against possible abuses of this privilege, the statute requires that courts dismiss such complaints "at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).[1] The Court will take these up in reverse order.

## 2. The complaint seeks monetary relief against defendants who are immune.

Section 1915 directs courts to dismiss claims brought by a plaintiff who does not pay the filing fee if the plaintiff seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii). Mr. Dinkins' claims for money damages against District Judges and the Department of Justice fall into this category and dismissal is thus appropriate.

---

[1] *Sua sponte* dismissals are permitted under § 1915(e)(2). *See Chambers v. Amazon.com Inc.*, 632 F. App'x 742, 743 (4th Cir. 2015) (per curiam) (unpublished); *see also Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (en banc) (explaining that "*sua sponte* dismissals [were] freely permitted" under the predecessor to § 1915(e)).

Judicial immunity protects judicial defendants, in both their official and individual capacities, from assessment of damages for actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9–11 (1991) (per curiam). It also protects judges from damages suits entirely. *Id.* at 11. If a litigant does not agree with a court decision, the appropriate recourse is to appeal.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (cleaned up). The immunity provided to judges for their judicial acts is absolute, even if those acts are erroneous or in excess of their jurisdiction. *Id.* at 356 n.6, 359; *see Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

Judicial immunity depends on "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and [on] the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Here, Mr. Dinkins bases his claims against the two judges on acts they took in connection with presiding over or managing his lawsuits. Doc. 2 at ¶¶ 23, 34 (Senior Judge Moon); *id.* at ¶¶ 25, 34, 46 (Chief Judge Urbanski). The claims against both are based on judicial acts. There is no factual allegation tending to plausibly indicate that either District Judge acted in the "clear absence of all jurisdiction." *See Stump*, 435 U.S. at 356–57. Mr.

3

Dinkins' conclusory claims of malfeasance are insufficient to overcome the District Judges' immunity, and the claims for damages against Senior Judge Moon and Chief Judge Urbanski will be dismissed.

Similarly, the civil RICO claims for money damages against the Department of Justice, Senior Judge Moon, and Chief Judge Urbanski are barred by sovereign immunity. The civil RICO statute "does not contain an express waiver of sovereign immunity, and every court to address the issue has found that the Federal Government and its employees are immune from suit under the civil RICO statute." *McLean v. Obama*, No. 15-CV-8, 2015 WL 3966426, at *2 (E.D. La. June 30, 2015) (cleaned up) (collecting cases); *accord Trueman v. United States*, No. 12-CV-73, 2015 WL 1456134, at *9 (E.D.N.C. Mar. 30, 2015), *aff'd*, 615 F. App'x 122 (4th Cir. 2015) (per curiam) (unpublished).

**3.  The complaint fails to state a claim on which relief may be granted.**

A plaintiff fails to state a claim upon which relief may be granted for purposes of § 1915 when the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* While a court must accept as true all of the allegations contained in a complaint, that tenet "is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Under this well-established standard, Mr. Dinkins fails to state any claims against any of the defendants.

Mr. Dinkins refers to the civil RICO statute several times in his complaint, *see, e.g.*, Doc. 2 at ¶¶ 1, 24, 28, 34, and the Court construes the complaint as an attempt to assert a civil RICO cause of action.[2]  A civil RICO claim has four essential elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

Here, Mr. Dinkins has failed to adequately allege facts to support any of these elements.  He makes only vague and obscure references to wrongdoing; by way of example only, he asserts such things as "collaborative intent to 'defraud'" and "[f]raudulent [m]isappropriation of government finances."  Doc. 2 at ¶ 17.  All of his assertions of wrongdoing are entirely conclusory.  He nowhere identifies with specificity what false representations were made or by whom or what fraudulent activity occurred.  *See* Fed. R. Civ. P. 9(b) (noting allegations of fraud must be specific).[3]  He makes no defendant-specific factual allegations as to any of these conclusory assertions.  *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994).  Mr. Dinkins has failed to state a civil RICO claim against any defendant.

---

[2] "RICO's private right of action is contained in 18 U.S.C. § 1964(c), which provides in relevant part that '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor.'" *Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).

[3] The sufficiency of a civil RICO claim is ordinarily evaluated in accordance with the notice pleading requirement of Federal Rule of Civil Procedure 8(a).  *See TM, LLC v. Anderson,* No. 11-CV-71, 2012 WL 4483180, at *2 (E.D.N.C. Sept. 27, 2012).  If, however, the RICO claim is based on predicate acts of fraud, the heightened pleading standard under Federal Rule of Civil Procedure 9(b) applies.  *See id.*; *Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir. 1989); *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 688 (E.D. Va. 2008); *Gentile v. Brunswick Cnty. Sheriff's Dep't*, No. 13-CV-81, 2014 WL 1331159, at *8 (E.D.N.C. Apr. 2, 2014).

Mr. Dinkins makes a passing reference to the False Claims Act. *See* Doc. 2 at ¶ 23 (citing 31 U.S.C. § 3730). To the extent he is attempting to state a False Claims Act claim, his allegations are deficient. First, as Mr. Dinkins has been informed several times in the past, "it is impermissible for a *pro se* litigant to bring a *qui tam* action on behalf of the United States." *U.S. ex rel. Dinkins v. Region Ten CSB*, No. 17-CV-34, Doc. 5 at 1 (W.D. Va. May 19, 2017) (citing *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007)); *see also Bond v. Hughes*, 671 F. App'x 228, 229 (4th Cir. 2016) (per curiam) (unpublished) ("[A] pro se litigant may not pursue a qui tam action on behalf of the Government under the FCA."). Moreover, to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), a plaintiff asserting a claim under the False Claims Act "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (cleaned up); *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455–56 (4th Cir. 2013). Here, Mr. Dinkins has identified none of these things.

Mr. Dinkins mentions some of the Federal Rules of Civil Procedure, *see, e.g.*, Doc. 2 at ¶ 46, and the jurisdictional provisions in 28 U.S.C. §§ 1331 and 1343. *Id.* at ¶¶ 22, 26, 48. As he has been informed before, those rules and statutes do not create any cause of action. *See Dinkins v. Region Ten CSB*, 289 F. Supp. 3d 756, 758–59 (W.D. Va. 2018). Similarly, he cites the Constitution, Doc. 2 at ¶ 49, but he does not identify a particular constitutional right as having been violated or specify how any specific

defendant violated such rights. He seems to say the Region Ten CSB defendant had some involvement with his social security benefits, *see id.* at ¶ 36, or Medicare benefits, *see id.* at ¶¶ 21, 29, 44, but it is not clear exactly what this defendant did or how its acts give rise to any federal cause of action.

Finally, Mr. Dinkins refers to the Federal Torts Claims Act. *Id.* at ¶¶ 1, 24, 28, 34. The FTCA waives "the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (cleaned up). A claim is actionable if it alleges the six elements of 28 U.S.C. § 1346(b), which are that the claim be:

> [1] against the United States, [2] for money damages, [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback*, 141 S. Ct. at 746 (cleaned up); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). Mr. Dinkins has not named the United States of America as a defendant. Nor has he alleged with any specificity any negligent or wrongful act or omission by any employee of the government. For these and other reasons too numerous to mention, he has failed to state a claim under the FTCA.

District courts construe *pro se* complaints liberally, *see Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023), but principles requiring generous construction of *pro se* complaints are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not, for example, "expected to construct full blown claims

from sentence fragments." *Id.* The complaint Mr. Dinkins has filed is essentially incomprehensible, made up of conclusory and obscure assertions, unclear references to statutes and rules, and incomplete ramblings. It does not state any claim for relief and for this reason should be dismissed.

### 4. The complaint is frivolous and malicious.

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word frivolous is inherently elastic and not susceptible to categorical definition." *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004) (cleaned up). "The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Id.* at 257.

As part of this review, courts may anticipate affirmative defenses that clearly appear on the face of the complaint. *See Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (noting courts may "exclude suits that have no arguable basis in law or fact"). In evaluating whether a claim is frivolous, "[a] plaintiff's past litigious conduct should inform a district court's discretion." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (en banc); *see In re McDonald*, 489 U.S. 180, 180–82, 184–85 (1989) (per curiam) (denying leave to proceed *in forma pauperis* based, in part, on abusive number of filings).

Mr. Dinkins has brought several complaints in this District, two of which he cites in his current complaint. *See* Doc. 2 at ¶¶ 1, 27 (citing No. 3:22-CV-14); *id.* at ¶ 22

8

(citing No. 3:19-CV-34). In one earlier case brought by Mr. Dinkins against Region Ten CSB, the district court dismissed his claims upon a § 1915 screening review, *see Dinkins v. Region Ten CSB*, No. 19-CV-30, 2019 WL 3413855, at *3 (W.D. Va. July 29, 2019), and denied a motion for reconsideration. *Dinkins v. Region Ten, CSB*, No. 19-CV-30, 2020 WL 806179, at *3 (W.D. Va. Feb. 18, 2020). The presiding judge set forth the standards applicable under § 1915(e)(2) governing *in forma pauperis* proceedings, *Dinkins*, 2019 WL 3413855, at *2, and the need for sufficient factual allegations so that a right to relief rises "above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The district court told Mr. Dinkins that a "glancing reference" to a statute is insufficient to state a plausible claim. *Dinkins*, 2020 WL 806179, at *2 n.3.

Mr. Dinkins has filed other lawsuits with facial deficiencies that were dismissed or terminated early in the litigation. *See U.S. ex rel. Dinkins*, No. 3:17-CV-34, Doc. 5 (W.D. Va. May 19, 2017) (dismissing complaint because a *pro se* litigant cannot bring a qui tam action); *Dinkins v. Region Ten CSB*, No. 3:17-CV-55, Doc. 2 (W.D. Va. Aug. 10, 2017) (dismissing complaint as "incomprehensible and improperly brought" under a statute that did not create a private right of action); *Dinkins v Region Ten CSB*, 289 F. Supp. 3d 756, 758–60 (W.D. Va. 2018) (dismissing claim for lack of jurisdiction); *Dinkins v. Region Ten CSB*, No. 3:18-CV-42, Doc. 3 (W.D. Va. June 20, 2018) (dismissing complaint as frivolous); *see also Dinkins v. Region Ten CSB*, No. 3:16-CV-3, Doc. 3 (W.D. Va. Jan. 15, 2016) (remanding case filed in state court by Mr. Dinkins and then removed by Mr. Dinkins). Indeed, in one case mentioned specifically by Mr.

Dinkins in the pending complaint, No. 3:22-CV-14, the Court found that the complaint was frivolous and malicious, failed to state a claim, and, as to two of the three defendants, was against defendants who are immune from suit. *Dinkins v. Moon*, No. 3:22-CV-14, Doc. 5 at 1 (W.D. Va. Apr. 27, 2022).

As a result of those decisions entered in cases in which he was a litigant, Mr. Dinkins is now, and has been for several years, aware that filing a complaint in federal court requires detailed factual allegations, not just conclusory assertions and passing mention of statutes and rules. Even though Mr. Dinkins has been told numerous times that specific factual allegations are required for a complaint to state a claim and that his claims must be comprehensible, he has filed yet another complaint with only conclusory, obscure assertions. It is at least his eighth lawsuit against Region Ten CSB.[4] Judicial and sovereign immunity are well-known legal concepts that were specifically mentioned in the Court's Order in No. 3:22-CV-14, Doc. 5 at 2–4; they would be disclosed by even a cursory investigation into the appropriate bases for suing judges and governmental agencies; and they certainly would be disclosed if a litigant conducted the investigation required by Federal Rule of Civil Procedure 11. Despite this, Mr. Dinkins has attempted to sue two District Judges and the Department of Justice based on no specific facts whatsoever.

---

[4] The seven previous lawsuits filed in this district by case number are: No. 3:16-CV-3; No. 3:17-CV-34; No. 3:17-CV-55; No. 3:18-CV-1; No. 3:18-CV-42; No. 3:19-CV-30; and No. 3:22-CV-14.

In view of the paucity of facts in the complaint, the obvious failure to investigate the legal bases for his claims, his renewed effort to file a lawsuit based on vague and conclusory claims that do not meet federal pleading standards of which he has been advised several times, his inclusion of a federal agency and federal judges who are immune from suit, and his litigation history against Region Ten CSB, the Court finds and concludes that the claims raised by Mr. Dinkins are frivolous. These facts taken together also give rise to an inference that Mr. Dinkins acted maliciously in filing this lawsuit, and the Court so finds.

Mr. Dinkins has also filed a *pro se* motion for judicial reassignment, Doc. 8, but his motion is nonsensical and he has stated no reasonable basis for reassignment or recusal. His "dissatisfaction with unfavorable decisions does not necessitate" a judicial reassignment. *In re Sanders*, 800 F. App'x 140, 142 (3d Cir. 2020) (per curiam) (unpublished); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). The motion for judicial reassignment will be denied.

He has also filed a motion asking that the marshal begin service of process. Doc. 10. Since the complaint will be dismissed under the screening provisions of 28 U.S.C. § 1915(e)(2), this motion will be denied as moot.

### 5. Protecting the Courts

The Supreme Court has noted that filing fees in theory discourage frivolous suits and help allocate judicial resources to more meritorious cases. *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam). "But paupers filing *pro se* [suits] are not subject to the

financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous [suits]." *Id.*; *see also In re Sindram*, 498 U.S. 177, 180 (1991) (per curiam) (directing the clerk not to accept further *in forma pauperis* extraordinary writ petitions from the petitioner). Without monetary cost as a constraint, the volume of frivolous *in forma pauperis* suits could threaten to undermine the availability of the federal courts to the public. *See Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).

Courts have the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"). Such sanctions should only be imposed in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004) (cleaned up).

There are other sources of authority for dealing with abusive litigation. The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to restrict access to federal courts by "vexatious and repetitive litigants." *Cromer*, 390 F.3d at 817; *see also Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). Federal Rule of Civil Procedure 11(b) requires parties representing themselves to assert claims only if they "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and only if they are

"not being presented for any improper purpose, such as to harass." Sanctions are available if this rule is violated. *See* Fed. R. Civ. P. 11(c).

The kinds of sanctions that can be imposed when a litigant repeatedly files frivolous lawsuits vary widely depending on the circumstances. *See Procup v. Strickland*, 792 F.2d 1069, 1072–73 (11th Cir. 1986) (listing sanctions that have been imposed in various cases). An appropriate sanction varies depending on the circumstances, and could include, for example, "outright dismissal of a lawsuit," *Chambers*, 501 U.S. at 44–45; an assessment of attorney's fees, *id.* at 45, *see also* Fed. R. Civ. P. 11(c); a fine, *Campo v. U.S. Dep't of Just.*, 854 F. App'x 768, 769 (8th Cir. 2021) (per curiam) (unpublished); a prefiling injunction narrowly tailored to the circumstances, *see generally Cromer*, 390 F.3d at 818–19; a prohibition on filing a complaint without paying the filing fee, *see Procup*, 792 F.2d at 1072; or varied lesser penalties. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) (discussing sanctions in the context of Federal Rule of Civil Procedure 11).

This lawsuit is a waste of court resources and, as found *supra*, is frivolous and malicious. In an earlier lawsuit, the Court evaluated whether to initiate proceedings to consider imposition of sanctions, such as, for example, a prohibition on filing another lawsuit against Region Ten CSB or a different narrowly-drawn pre-filing injunction, and determined that while it might well be appropriate, *see Cromer*, 390 F.3d at 818, the Court would exercise caution and restraint. *Dinkins v. Moon*, No. 3:22-CV-14, Doc. 5 at 12 (W.D. Va. Apr. 27, 2022). The Court instead ordered Mr. Dinkins to take more care in complying with the rules applicable to filing complaints and warned Mr. Dinkins that

further filings containing the same failings as any of his previous lawsuits, or which are frivolous or malicious, or which violate Rule 11 or the Court's Order, would subject him to sanctions appropriate for the circumstances. *Id.* at 12–13.

Mr. Dinkins has ignored the Court's caution and warnings. He continues to file frivolous lawsuits and make scurrilous and conclusory assertions of wrongdoing against judges and others. The sanctions of a prohibition on repetitive lawsuits and a pre-filing injunction seem likely to be appropriate. The Court will give Mr. Dinkins an opportunity to show cause otherwise.

It is **ORDERED** that:

1. The motion to proceed *in forma pauperis*, Doc. 1, is **GRANTED** for the limited purpose of reviewing the complaint and filing this Order.

2. The complaint, Doc. 2, is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2) as frivolous and malicious, failing to state a claim, and attempting to seek money damages from immune defendants.

3. The motion for judicial reassignment, Doc. 8, is **DENIED**.

4. The motion for marshal service of process, Doc. 10, is **DENIED as moot**.

5. Melvin Dinkins **SHALL** appear before the Court at the United States Federal Courthouse, 255 West Main Street Charlottesville, Virginia, Courtroom 300 on April 25, 2023 at 9:30 a.m. and **SHALL** show cause why the Court should not find that he has repeatedly abused the judicial process and why appropriate sanctions should not be imposed for the same, including a pre-filing injunction prohibiting him from filing any lawsuit anywhere against the defendants in this

case and requiring him to submit any proposed complaint to be filed in the Western District of Virginia to the court for review before it may be filed.

6. Failure to appear at the scheduled hearing may result in entry of sanctions without further notice.

7. The Clerk shall mail a copy of this Order to the plaintiff at his address of record and shall note such service on the docket.

This the 17th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE