CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

April 26, 2023

LAURA A. AUSTIN, CLERK
BY: s/ K Dotson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELVIN DINKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:22-CV-73 |
| ) | |
| NORMAN K. MOON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION, ORDER, AND PRE-FILING INJUNCTION**

Catherine C. Eagles, District Judge.

The plaintiff, Melvin Dinkins, is a serial filer of frivolous lawsuits and motions. Over the past seven years, he has filed eight lawsuits centered around alleged financial losses due to alleged fraudulent conduct by the defendant Region Ten CSB. In the last two lawsuits, he began adding judicial officials as defendants based on their decisions in his earlier lawsuits. In many of these lawsuits, he has also filed frivolous motions. After being warned in April 2022 that filing another lawsuit about the same matters and against immune officials could result in sanctions, he nonetheless filed a new frivolous lawsuit in December 2022, adding another judge as a defendant. Even after the Show Cause Order was issued giving Mr. Dinkins notice that the Court was considering a pre-filing injunction or other sanctions, Mr. Dinkins filed more frivolous and duplicative motions.

After considering the record and lesser sanctions, and after holding a hearing at which Mr. Dinkins appeared and was heard, the Court finds that a pre-filing injunction is appropriate. Previous warnings have been insufficient to stop his abusive conduct. To

ignore Mr. Dinkins' repeated frivolous filings would expose the judicial system to further abuse and waste of resources.

I. Background

    A. First Lawsuit – No. 3:16-CV-3

In January 2016, Mr. Dinkins filed his first lawsuit against Region Ten CSB in state court. Mr. Dinkins alleged that Region Ten CSB was the representative payee for his Social Security benefits. No. 3:16-CV-3, Doc. 2-2 at ¶ 4. As best the Court understands his claims, he alleged that Region Ten CSB breached its duties to him, imposed unreasonable fees for its services, and improperly withheld his benefits. *See id.* at ¶¶ 4–10, 16, 20–21. Almost immediately after he filed the case in state court, Mr. Dinkins removed the case to this district and sought to proceed *in forma pauperis* without payment of the removal fee. No. 3:16-CV-3, Docs. 1–2. The Court granted the motion to proceed *in forma pauperis* but remanded the case to state court because removal was improper. No. 3:16-CV-3, Doc. 3. Mr. Dinkins did not appeal the order of remand.

From filings in Mr. Dinkins' later cases and his statements at the April 25, 2023, hearing, there was a trial in state court after the remand. *See* No. 3:17-CV-34, Doc. 2 at ¶ 18 (alleging that the "State Court ordered trial"); No. 3:18-CV-1, Doc. 4 at 32–33 (court transcript showing admission of exhibits and that Mr. Dinkins cross-examined defense witnesses "in the case of Dinkins v. Region Ten Community Services Board"); No. 3:18-CV-1, Doc. 2 at ¶ 22 (alleging that there was a "February 2016 Trial"). As best the Court can tell, Mr. Dinkins was unsuccessful at trial. *See* No. 3:19-CV-30, Doc. 2 at ¶ 10

(alleging that the state court "allowed" his claim and "[r]uled granting an Immunity Plea by Defense—over Damages from Negligence for the Plaintiff").

**B. Second Lawsuit – No. 3:17-CV-34**

In May 2017, Mr. Dinkins filed a second complaint against Region Ten CSB, purportedly on behalf of the United States under the False Claims Act. No. 3:17-CV-34, Doc. 2. He again sought to proceed *in forma pauperis* without payment of the filing fee. No. 3:17-CV-34, Doc. 1. He alleged that Region Ten CSB had imposed unauthorized charges, delayed or withheld his "Social Security income," damaged his credit, and engaged in fraud, adding allegations that Region Ten CSB had submitted false claims to Medicare. *See generally* No. 3:17-CV-34, Doc. 2.

The Court granted the motion to proceed *in forma pauperis*, but upon review under § 1915(e)[1] the Court dismissed the complaint for failure to state a claim because *pro se* litigants may not bring *qui tam* actions on behalf of the United States. No. 3:17-CV-34, Doc. 5. Mr. Dinkins did not appeal.

**C. Third Lawsuit – No. 3:17-CV-55**

Three months later, Mr. Dinkins filed a third complaint against Region Ten CSB, alleging false charges, fraudulent conveyances, damage to his credit, improper access to

---

[1] Under 28 U.S.C. § 1915(a)(1), indigent litigants may begin actions in district court without initially paying the filing fee. *See Fiorani v. CapitalOne Fin. Corp.*, No. 19-CV-2456, 2019 WL 13248633, at *1 (D. Md. Sept. 11, 2019). To guard against possible abuses of this privilege, the statute requires that courts dismiss such complaints "at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts may dismiss actions *sua sponte* under § 1915(e)(2). *See Chambers v. Amazon.com Inc.*, 632 F. App'x 742, 743 (4th Cir. 2015) (per curiam) (unpublished); *see also Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (en banc).

his Medicare account, and fraud. No. 3:17-CV-55, Doc. 1. This time he paid the filing fee. *See* No. 3:17-CV-55, Docket Entry 08/08/2017. The Court dismissed the complaint without prejudice, as it was incomprehensible and improperly brought under a statute, 31 U.S.C. § 3802, that does not create a private right of action. No. 3:17-CV-55, Doc. 2. The Court ordered the Clerk of Court to refund the filing fee to avoid punishing Mr. Dinkins. *Id.* Mr. Dinkins did not appeal.

### D.  Fourth Lawsuit – No. 3:18-CV-1

In January 2018, Mr. Dinkins filed a fourth complaint against Region Ten CSB, again alleging unauthorized charges and improper access to his Medicare benefits. No. 3:18-CV-1, Doc. 2. He brought claims for fraud, abuse of assets, negligence, personal injury, and fraudulent misrepresentation of assets. *Id.* at 1, 3, 14. He also purported to bring claims under Federal Rules of Civil Procedure 8, 9(b), (d), (g), 28 U.S.C. § 1331, 42 U.S.C. 2000h-4, 28 U.S.C. § 1652, and some Virginia state statutes including Virginia Code 8.01-249. No. 3:18-CV-1, Doc. 2 at ¶¶ 9, 14, 20, 22, 27; *id.* at 3, 13.

He moved to proceed *in forma pauperis* without payment of the filing fee, No. 3:18-CV-1, Doc. 1, but the Court denied the motion because he had "not sufficiently demonstrated an inability to pay such fees or give security therefor." No. 3:18-CV-1, Doc. 3. To avoid dismissal of the case, Mr. Dinkins paid the filing fee. No. 3:18-CV-1, Docket Entry 01/12/2018.

The Court dismissed the case *sua sponte* because there was no subject-matter jurisdiction. No. 3:18-CV-1, Docs. 5–6. The Court explained that none of the cited rules or statutes "support[ed] federal question jurisdiction," No. 3:18-CV-1, Doc. 5 at 2, and

4

that there was no diversity jurisdiction because Mr. Dinkins and Region Ten CSB were citizens of Virginia. *Id.* at 4. The Court specifically explained that neither 28 U.S.C. § 1331 nor Federal Rule of Civil Procedure 9 create causes of action. *Id.* at 2 n.2, 3 n.3.

Mr. Dinkins later filed two motions seeking relief under Rule 60. *See* No. 3:18-CV-1, Docs. 7, 9. The Court denied the motions because "[n]o new evidence, relevant allegation, or controlling legal argument [were] provided." No. 3:18-CV-1, Doc. 11. Mr. Dinkins did not appeal.

### E.  Fifth Lawsuit – No. 3:18-CV-42

Six months later, Mr. Dinkins again sued Region Ten CSB, making allegations related to "Medicare fraud," "unlawful transactions tort," and injury to his accounts and credit. *See, e.g.*, No. 3:18-CV-42, Doc. 2 at ¶¶ 3, 7, 17. Throughout the complaint, he cited the Federal Rules of Civil Procedure without comprehensible explanation. *See, e.g., id.* at ¶¶ 2, 4 (citing Rule 19), ¶ 15 (citing Rule 20). He sought to proceed *in forma pauperis* without payment of the filing fee. No. 3:18-CV-42, Doc. 1.

While granting the request to proceed without payment of the filing fee, the Court dismissed the case. No. 3:18-CV-42, Doc. 3. For the first time, the Court held that the complaint was frivolous under the screening provisions of 28 U.S.C. § 1915(e), pointing out that the complaint was "difficult to understand, mixing references to the previously dismissed case with citations to inapposite rules of civil procedure and legal jargon" and that the one paragraph that mentioned the defendant contained only its address, email, and phone number. No. 3:18-CV-42, Doc. 3 at 1. Citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), the Court held that the complaint did not contain

5

enough facts to state a plausible claim for relief. No. 3:18-CV-42, Doc. 3 at 1–2. The order did not provide that dismissal was without prejudice, and therefore was with prejudice. Fed. R. Civ. P. 41(b). Mr. Dinkins did not appeal the order.

Instead, he filed seven paper writings and motions that were, like his complaint, incoherent and difficult to understand. No. 3:18-CV-42, Docs. 4–10. All such motions were denied. No. 3:18-CV-42, Doc. 11. He did not appeal the denial of these motions.

### F. Sixth Lawsuit – No. 3:19-CV-30

In May 2019, Mr. Dinkins filed his sixth complaint against Region Ten CSB alleging misrepresentation, abuse of assets, fraudulent misappropriation, and unauthorized charges. *See* No. 3:19-CV-30, Doc. 2. He sought to proceed *in forma pauperis* without payment of the filing fee. No. 3:19-CV-30, Doc. 1. In his amended complaint, he referred to various statutes and rules, including 15 U.S.C. § 1692, 28 U.S.C. § 1331, 42 U.S.C. § 1983, 31 U.S.C. § 3730, and Federal Rules of Civil Procedure 17 and 19. No. 3:19-CV-30, Doc. 7 at ¶¶ 3, 11–12, 19. He moved for summary judgment less than a month later, before serving Region Ten CSB with process. No. 3:19-CV-30, Doc. 3.

The Court granted the request to proceed without payment of the filing fee but dismissed the action upon review under § 1915(e) for failure to state a claim. No. 3:19-CV-30, Docs. 8–9. Although the complaint was difficult to understand, the Court liberally construed it as asserting a claim under the Fair Debt Collection Practices Act. No. 3:19-CV-30, Doc. 8 at 3–4. In a clear and detailed opinion, the Court carefully laid out that complaints in federal court "must contain sufficient factual allegations 'to raise a

6

right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Id.* at 3 (quoting *Twombly*, 550 U.S. at 555, 570).  It specifically listed the elements of the claim, explained why the factual allegations in the complaint were insufficient, and cited the legal authority on point. *Id.* at 4–5.  It also explained to Mr. Dinkins that many of the rules and statutes he cited were "irrelevant to his claim," *id.* at 4, and that passing references to 42 U.S.C. § 1983 or the Rules of Civil Procedure without elaboration do not state plausible claims for relief. *See id.* at 4, 5 n.2.  The Court denied Mr. Dinkins' motion to amend and, as with the fifth lawsuit, the dismissal was with prejudice by operation of Rule 41(b).

Mr. Dinkins then filed a series of motions and other paper writings referencing Federal Rules of Civil Procedure 59(e) and 60(b)(6). No. 3:19-CV-30, Docs. 10–15.  The Court denied the motions in another thoughtful and detailed order after working through the various standards applicable under these rules. No. 3:19-CV-30, Doc. 16.  Mr. Dinkins appealed, No. 3:19-CV-30, Doc. 18, and the Fourth Circuit summarily affirmed the dismissal for the reasons stated by the district court. No. 3:19-CV-30, Docs. 22–23.

### G. Seventh Lawsuit – No. 3:22-CV-14

After taking a short break from his litigation activities, Mr. Dinkins filed his seventh lawsuit against Region Ten CSB over these same fraudulent charges and misappropriations in April 2022. No. 3:22-CV-14, Doc. 3.  He again moved to proceed *in forma pauperis* without payment of the filing fee. No 3:22-CV-14, Doc. 1.

This time he added as defendants the United States District Judge who presided over his earlier cases and the Department of Justice. *See* No. 3:22-CV-14, Doc. 3 at 1.

7

Despite having been told before that the Rules of Civil Procedure and jurisdictional statutes do not provide causes of action, *see* No. 3:18-CV-1, Doc. 5 at 2 n.2, 3 n.3, he again made passing references to procedural rules, including Rules 17, 19, and 20, and 28 U.S.C. § 1331, as his causes of action. No. 22-CV-14, Doc. 3 at ¶¶ 20–21, 46, 50. And similar to his past complaints, he summarily cited 42 U.S.C. § 1983 and 31 U.S.C. § 3730 without any factual support. *Id.* at ¶¶ 3, 6, 46. For the first time, he cited the civil RICO statute. *See, e.g., id.* at ¶¶ 12, 35.

The Court granted the motion to proceed *in forma pauperis* but dismissed the complaint under the screening provisions of 28 U.S.C. § 1915(e), finding that it was frivolous and malicious, failed to state a claim on which relief may be granted, and, as to two of the defendants, was against defendants who were immune from suit. No. 3:22-CV-14, Doc. 5. The Court explained that the United States District Judge and the Department of Justice were immune from suit, carefully identifying the legal authority on point. *Id.* at 2–4. It also explained in detail why the complaint failed to state claims under the civil RICO statute, the False Claims Act, the Federal Torts Claims Act, and the Federal Rules of Civil Procedure. *Id.* at 4–7. The Court explicitly dismissed the claims with prejudice. *Id.* at 12.

Since Mr. Dinkins had a pattern of filing frivolous and nonsensical complaints, *see id.* at 8–9 & n.4 (listing previous lawsuits), the Court considered sanctions. *Id.* at 12. But it exercised restraint and warned Mr. Dinkins that new filings containing the same deficiencies could subject him to sanctions. *Id.* at 12–13. Mr. Dinkins did not appeal.

Over the next four months, Mr. Dinkins filed a series of incomprehensible paper writings purportedly asking the Court to reconsider its ruling, No. 3:22-CV-14, Docs. 6–7, 12–13, which the Court also denied. No. 3:22-CV-14, Docs. 10, 14. Mr. Dinkins did not appeal the denial of these motions.

### H. Eighth Lawsuit – No. 3:22-CV-73

Mr. Dinkins filed yet another frivolous lawsuit in December 2022, his eighth lawsuit against Region Ten CSB to date. No. 3:22-CV-73, Doc. 2. He moved to proceed *in forma pauperis*. No. 3:22-CV-73, Doc. 1.

This complaint was almost identical to the complaint in his seventh lawsuit. Despite the Court's detailed explanation of immunity in April 2022, Mr. Dinkins named the same three defendants as in his earlier lawsuit, including the Department of Justice and the same federal judge, and he added yet another United States District Judge as a defendant. *See* No. 3:22-CV-73, Doc. 2 at 1.

His factual allegations also contained the same deficiencies as his earlier complaint. He again cited or referenced the civil RICO statute with nothing more than incomprehensible and conclusory allegations. *See id.* at ¶¶ 1, 24, 28, 34. He again made a passing reference to the False Claims Act, *see, e.g.*, *id.* at ¶ 23, despite being told in at least two previous cases that *pro se* litigants may not bring *qui tam* actions on behalf of the United States. *See* No. 3:22-CV-14, Doc. 5 at 5–6; No. 17-CV-34, Doc. 5. And despite being told in April 2022 that it is not sufficient to reference the Federal Torts Claims Act without identifying a tort or saying which defendant committed a particular tort, No. 3:22-CV-14, Doc. 5 at 6–7, he again referred to the Federal Torts Claims Act

9

without "alleg[ing] with any specificity any negligent or wrongful act or omission by any employee of the government."  No. 3:22-CV-73, Doc. 12 at 7.

While granting the request to proceed *in forma pauperis*, the Court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2) because it contained the same deficiencies as his previous complaint.  No. 3:22-CV-73, Doc. 12.

## I. The Pending Show Cause Order

In the same Order dismissing the lawsuit, the Court took note of the serial lawsuits Mr. Dinkins has filed over seven years involving the same facts and issues, No. 3:22-CV-73, Doc. 12 at 8–10 & n.4, all of which were resolved against Mr. Dinkins and three of which were explicitly found frivolous, as well as the previous warning to Mr. Dinkins.  *See supra* pages 2–10.  The Court set the matter for hearing on April 25, 2023, and ordered Mr. Dinkins to show cause why sanctions such as a pre-filing injunction were not appropriate.  No. 3:22-CV-73, Doc. 12 at 14–15.

Two weeks later, Mr. Dinkins filed another incomprehensible motion and brief.  No. 3:22-CV-73, Docs. 15–16.  Mr. Dinkins cited Federal Rule of Civil Procedure 59(e) in the heading of the motion, No. 3:22-CV-73, Doc. 15 at 1, but nowhere in the motion or brief did he outline the requirements for a Rule 59(e) motion or discuss why he was entitled to relief.  Instead, he continued his practice of making confusing assertions and citing multiple statues and rules with no explanation of how they applied.  For example:

- "Said **disruption** and **replacement**, is thus challenged citing 'in the public interest & 'temporary' through 28 USC 292."  No. 3:22-CV-73, Doc. 15 at ¶ 1 (emphasis and grammatical errors in original).

10

- "The **facts stated with claims** in Federal Complaint, are established, **corroborating legal argument 2017 – current**, citing, 28 USC 1331 **'Subject Matter Jurisdiction'**; 28 USC 3729 & 3730 **'False Claims/Fraudulent Misrepresentation & Misappropriation'**; 28 USC 1343 (a) (1)–(4) **'Causes of Action'**; 28 USC Rules 19 & 20 **'Voluntary & Required Joinder'**; and, 42 USC 1985 (2) **'Obstruction'**." *Id.* at ¶ 4 (emphasis and grammatical errors in original).

- "The Judicial Counsel **was not consulted** to approve a 'designation' **in this case** – resulting in the **quarter-year delay**, arrested **3/10/23,** Pro Se – and cited in **'furtherance'** of the **'continuing offenses'** brought against said document #12." *Id.* at ¶ 10 (emphasis and grammatical errors in original).

- "Representation for the Plaintiff(s), will thereby enjoin, **lawful** enforcement of said Federal statutes, with the State authority and citizen rights designated therein." Doc. 16 at ¶ 4 (emphasis and grammatical errors in original).

The Court summarily denied the motion and gave Mr. Dinkins notice that it would consider the filing of the motion and brief in evaluating whether a pre-filing injunction or other sanction is appropriate. No. 3:22-CV-73, Doc. 17. The next day, he filed what appears to be the same motion again, No. 3:22-CV-73, Doc. 18, which was summarily denied. Oral Order 04/06/2023.

A hearing was held on April 25, 2023. Mr. Dinkins appeared. He explained to the Court that various defendants had acted illegally and that the Court's decisions "did not change the law." While he was polite and respectful in tone and language, he made it

11

clear that he did not respect the numerous orders dismissing his claims and he continued to assert some of the same frivolous arguments he made in his paper writings.  He did not appear to understand that the last several dismissals had been with prejudice and seemed to believe that he had an endless right to attempt to file proper claims against all the defendants.  He asked questions about whether an injunction would allow him to file more Rule 59(e) and Rule 60(b) motions.

At the conclusion of the hearing, the Court enjoined Mr. Dinkins from filing lawsuits over the same events and against immune defendants, stating its intention to enter a written prefiling injunction.  The Court directed the Clerk to file on the docket of this case any paper writings submitted by Mr. Dinkins, should he do so before entry of the written injunction.  The Court advised Mr. Dinkins that there can be serious consequences for violating the injunction, including criminal contempt.

## II.  Discussion

The All Writs Act, 28 U.S.C. § 1651, authorizes district courts to issue pre-filing injunctions to restrict access to the courts by "vexatious and repetitive litigants."  *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).  "In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions."  *Id.* at 818.  "[E]ven if a judge, after weighing

the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Id.*

Applying the *Cromer* factors, the Court concludes that Mr. Dinkins' history of filing frivolous and harassing lawsuits supports imposing a pre-filing injunction that prohibits him from filing a lawsuit in any federal court:  (1) against Region Ten CSB, its employees, officers, directors, or other agents; (2) arising out of the same allegations as any of his previous complaints including but not limited to fraudulent misrepresentations to Medicare and other governmental agencies related to Mr. Dinkins and services rendered to him, Social Security benefits over which Region Ten CSB served as payee, misappropriation of funds, unauthorized charges, improper access to accounts or insurance benefits, unlawful debt collection practices, and damages to credit; or (3) against any judicial officer, executive agency or official, lawyer, or witness based on their action or inaction in any of his previous cases.

As the procedural histories of his eight lawsuits show, Mr. Dinkins has a history of filing vexatious and duplicative lawsuits.  All of these lawsuits in this district included the defendant Region Ten CSB and centered around the same dispute, and all were dismissed or terminated early in the litigation.  *See supra* pages 2–10.  Two different United States District Court Judges have informed him that a complaint must be comprehensible and contain more than conclusory assertions, and one of these decisions was affirmed summarily by the United States Court of Appeals for the Fourth Circuit, explicitly for the reasons stated by the United States District Court.  Yet he recently filed

13

an eighth lawsuit containing no facts and nothing beyond conclusory and confusing assertions. He has repeatedly been told that merely citing statutes and rules is insufficient to state a claim, yet he has continued to file new lawsuits, motions, and briefs in which he does only that. In dismissing the first lawsuit in which he named a United States District Judge as a defendant, the Court fully explained the law on judicial immunity, yet Mr. Dinkins responded with another lawsuit against two federal judges.

The burden on the courts from these repetitive and frivolous filings is substantial. Each case requires opening of a new file by the Clerk, review of the paper writing and preparation of an order by the Court, and the mailing of several orders to Mr. Dinkins. Beyond filing a frivolous complaint, he increasingly files frivolous and incomprehensible motions and other paper writings, which further drains court resources. *See, e.g.*, No. 3:18-CV-1, Doc. 11 (denying incomprehensible motion for reconsideration); No. 3:18-CV-42, Doc. 11 (denying two incomprehensible motions for "joinder"); No. 3:19-CV-30, Docs. 10–15; No. 3:22-CV-73, Docs. 8–11, 15–16. When he frivolously adds judicial officers as defendants instead of challenging their decisions on appeal, he adds yet another layer of work for the courts, who must evaluate the appropriate judicial assignment. His actions delay the Court in handling other cases and motions.

Alternative sanctions would be inadequate to prevent further abuse of the judicial process. Last year, the Court warned Mr. Dinkins that further filings containing these deficiencies could subject him to sanctions. No. 3:22-CV-14, Doc. 5 at 12. Yet Mr. Dinkins did not heed the Court's warning. His most recent complaint is almost identical to the one that the Court dismissed in April 2022. *Compare* No. 3:22-CV-73, Doc. 2,

*with* No. 3:22-CV-14, Doc. 3. Indeed, he added another United States District Judge as a defendant despite the Court's explanation in the previous lawsuit of why this was inappropriate. Even though he has been told many times that federal complaints require more than unintelligible conclusions, he continues to make only nonsensical and conclusory assertions. And after the Show Cause Order issued, he filed two more sets of incomprehensible and frivolous paper writings. No. 3:22-CV-73, Docs. 15–16, 18–19. Even at the show cause hearing he made arguments with the same flaws and asked questions indicating an intent to file more motions and claims. This shows he remains willing to file frivolous pleadings, that lesser sanctions would not be effective, and that a pre-filing injunction is necessary to protect this district from using scarce judicial resources to address new lawsuits of the same nature.

The scope of the pre-filing injunction will be narrowly tailored to meet Mr. Dinkins' specific abuses detailed herein. Because all of the lawsuits have involved Region Ten CSB and its alleged wrongdoing related to public benefits, the injunction will be limited to lawsuits and paper writings directed towards Region Ten CSB or involving its conduct related to public benefits. Because the last two lawsuits involved immune defendants—United States District Judges and the Department of Justice—and their involvement in his previous cases, the injunction will also cover lawsuits and paper writings that address the actions or inactions of judicial officers, executive officials or agencies, lawyers, or witnesses in his previous cases.

Mr. Dinkins may bring future complaints against these defendants or including these types of allegations only if he can show through a properly filed motion that the

15

proposed filing can survive dismissal under Federal Rule of Civil Procedure 12, is not barred by issue or claim preclusion, is not repetitive or violative of a court order, is not against an immune defendant, and complies with Federal Rule of Civil Procedure 11. If these conditions are not met, the motion will be denied. Any filings which are filed in a different format or attempt to file a new lawsuit without complying with these requirements will be stricken without further opportunity to be heard. The injunction will prevent Mr. Dinkins from continuing his abusive practices while not limiting his access to the federal courts completely.

Because Mr. Dinkins has repeatedly abused the litigation process, the Court finds it likely that he will attempt to ignore this Order. Therefore, the Court will direct the Clerk to not accept for filing any papers initiating a new lawsuit by or on behalf of Mr. Dinkins that are not accompanied by a signed order allowing the filing. To ensure that his abusive litigation does not spread to other districts, Mr. Dinkins will be ordered to provide a copy of this Order with any new complaint he files elsewhere.

## III. Conclusion

Because Mr. Dinkins has demonstrated a propensity to initiate duplicative and frivolous proceedings despite a previous warning, the Court will limit his access to the federal courts. To ensure compliance, any complaint or paper writing that Mr. Dinkins submits for filing in this district shall be submitted to the undersigned for review or, if filed in a different district, submitted as part of any request for leave to file *in forma pauperis*. Mr. Dinkins is **WARNED** that violation of this Order subjects him to sanctions and punishment for contempt of court, including imprisonment.

16

It is **ORDERED** and **ADJUDGED** that:

1. Melvin Dinkins, or anyone acting on his behalf, is **ENJOINED** and **PROHIBITED** from filing, without first obtaining leave of court, any further complaint or paper writing in any federal court that alleges claims against Region Ten CSB, its employees, officers, directors, or other agents.

2. Melvin Dinkins, or anyone acting on his behalf, is **ENJOINED** and **PROHIBITED** from filing, without first obtaining leave of court, any further complaint or paper writing in any federal court that arises out of the same allegations as any of his previous complaints including fraudulent misrepresentations to Medicare and other governmental agencies related to Mr. Dinkins and services rendered to him, Social Security benefits over which Region Ten CSB served as payee, misappropriation of funds, unauthorized charges, improper access to accounts or insurance benefits, unlawful debt collection practices, and damages to credit.

3. Melvin Dinkins, or anyone acting on his behalf, is **ENJOINED** and **PROHIBITED** from filing, without first obtaining leave of court, any further complaint or paper writing in any federal court that attempts to assert causes of action against any judge or judicial officer, lawyer, executive official or agency, or witness based on their involvement in any of his previous lawsuits.

4. Melvin Dinkins may seek leave of court to file a new lawsuit by filing a motion in this case, No. 3:22-CV-73, and attaching the proposed complaint. Leave of court will be forthcoming if Mr. Dinkins demonstrates through a

properly filed motion that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of issue or claim preclusion; (3) is not repetitive or violative of a court order; (4) does not sue an immune defendant; and (5) complies with Federal Rule of Civil Procedure 11.

5. The Clerk of Court in this district **SHALL** file any paper writing submitted by Mr. Dinkins for filing, including paper writings to initiate new lawsuits, on the public docket in this case, No. 3:22-CV-73, and **SHALL** refer the paper writing to the undersigned for review. If Mr. Dinkins succeeds in filing papers in a new case in violation of this Order, the Clerk in this District **SHALL**, under the authority of this Court, immediately and summarily strike the pleadings or filings, refile the paper writings on the docket herein, and refer the matter to the undersigned.

6. The Clerk of Court in any other United States District Court is authorized to strike any violative pleadings or paper writings upon receipt of this Order or to refer those pleadings to the Clerk of Court in this district for filing in this case and review under the terms of this Order.

7. This case **SHALL** remain closed pending further order of this Court.

8. This Order and Pre-Filing Injunction does not apply to the filing of timely notices of appeal from this Court to the Court of Appeals for the Fourth Circuit and papers solely in furtherance of such appeals for this case.

9.  The Clerk of Court **SHALL** mail a copy of this Order to all addresses of record for Region Ten CSB and to Melvin Dinkins.

This the 25th day of April, 2023.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE